R. E. PATRICK *v.* L. B. WHITAKER'S ADMR.

**Jury—Dispersing on Account of Sickness—Objections Waived.**
> Where, without objections, a jury is dispersed under charge of the court and before recalled, part of them serve in another case, neither litigant can be heard to complain.

**Oral Instructions—Must be Objected to When Given—Appeal.**
> Oral instructions must be objected to when given, or a demand to have them reduced to writing, to be available on appeal.

**Peremptory Instruction—Evidence Contradictory.**
> Where the evidence is conflicting, it is peculiarly within the province of the jury, and a peremptory instruction is improper.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 5, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This was a suit by appellee on the note of the appellant for $350, executed to C. Crabtree, August 13, 1864, and assigned to appellee.

The defendant pleaded payment and various items of account against Crabtree as an off-set, to which appellee responded traversing the same. Crabtree being made a party responded traversing some of the items and pleading as against Patrick's account also an account of various items.

A jury was sworn to try the issue, and after hearing the evidence, were permitted to disperse under charge of the court,

without objection, because of the sickness of the family of one of the jurors. It was several days before they were again called together, in the mean time a portion of this jury served as jurors in other cases. When they were called together the argument proceeded without objection and the court gave some verbal instructions without objections from, or a demand that they should be reduced to writing by either party.

The court had given and refused written instructions previously, to which exceptions were taken. No misconduct on the part of the jury is set up by either party. This was a reasonable cause for permitting the jury to disperse, by the court, and certainly so when neither party objected.

It was not reasonable in such a case that the jurors should serve on other cases in the mean time, and had it not been, when the parties proceeded with the trial uncomplainingly, this was a waiver.

Nor can either party object after verdict, to parol instructions when no objections, nor a demand to have them reduced to writing, were made at the time. The evidence was conflicting and peculiarly within the province of the jury, and had all the written instructions been correct, we could not reverse on its preponderance for either party. But it was proven by the witness, Banks, in his deposition, that in the fall or winter of 1864-5, he heard Patrick ask Crabtree if he had that note with him, when Crabtree answered he had not, that it was misplaced among his papers and that he would bring it to Patrick or destroy it.

Notwithstanding this evidence, the court instructed the jury that "they must find for the plaintiff the note sued for."

There were various and complicated dealings between Crabtree and Patrick, as well as a trade of house and lot in Jeffersonville, Indiana for a half interest in a mill in Daviess county, Kentucky, and then a re-sale of the house and lot, for which this and perhaps another note for a like amount were executed.

But under the state of pleadings and on the evidence, this peremptory instruction should not have been given, on the contrary, the jury should have been left free to determine the question on the evidence whether or not the note had been dischargd and paid.

Judgment reversed for a new trial and further proceedings.